**202209904 - HAGGERTY, CHERRY vs. GENUINE PARTS COMPANY (Court 125)**

Print All  *(non-financial)*
Chronological History

| | |
|---|---|
| **Summary** | + |
| **Appeals** | + |
| **Cost Statements** | + |
| **Transfers** | + |
| **Post Trial Writs** | + |
| **Abstracts** | + |
| **Parties** | + |
| **Court Costs** | + |
| **Judgments/Events** | + |
| **Settings** | + |
| **Services/Notices** | + |
| **Court Registry** | + |
| **Child Support** | + |
| **Images** | − |

\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only **non-confidential** civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please **click here** to notify Customer Service.

You may print and save uncertified copies of documents from the preview window.

**Purchase Order**
( 0 documents )
Print List

| Image No. | Type | Title [Reset Sort] | Post Jdgm | Date | Pages | |
|---|---|---|---|---|---|---|
| 101303570 | Filing | Notice of Filing Notice of Removal | | 04/07/2022 | 3 | Add to Basket |
| 101201732 | Filing | Defendant Original Answer and Affirmative Defenses | | 04/01/2022 | 7 | Add to Basket |
| 100442129 | Filing | Plaintiffs Original Petition | | 02/17/2022 | 5 | Add to Basket |



| | |
|---|---|
| **TO:** | Christopher Galla<br>Genuine Parts Company<br>2999 Wildwood Pkwy<br>Atlanta, GA 30339-8580 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | GENUINE PARTS COMPANY (Domestic State: GA) |

**Service of Process Transmittal**
03/09/2022
CT Log Number 541195070

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CHERRY HAGGERTY // To: GENUINE PARTS COMPANY |
| **DOCUMENT(S) SERVED:** | Petition |
| **COURT/AGENCY:** | 125th Judicial District Court of Harris County, TX<br>Case # 202209904 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 03/22/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 03/09/2022 postmarked on 03/07/2022 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Derrick G. Parker<br>D.G. PARKER LAW FIRM, PLLC<br>2900 Smith St., Suite 200<br>Houston, TX 77006<br>713-800-9433 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/09/2022, Expected Purge Date: 03/14/2022<br><br>Image SOP<br><br>Email Notification, Kathleen Eidbo  KATHLEEN_EIDBO@GENPT.COM<br><br>Email Notification, Patsy Green  patsy_green@genpt.com<br><br>Email Notification, Ernie Wetzler  Ernie_Wetzler@genpt.com<br><br>Email Notification, Norma Pittillo  norma_pittillo@genpt.com<br><br>Email Notification, Christopher Galla  chris_galla@genpt.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-665-5799 |



# Service of Process Transmittal

03/09/2022
CT Log Number 541195070

| | |
|---|---|
| **TO:** | Christopher Galla<br>Genuine Parts Company<br>2999 Wildwood Pkwy<br>Atlanta, GA 30339-8580 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | GENUINE PARTS COMPANY  (Domestic State: GA) |

SouthTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# Service of Process

| | |
|---|---|
| **Date:** | Wed, Mar 9, 2022 |
| **Location:** | TX |
| **Job ID:** | 147025·24 |
| **Method of Service:** | Regular Mail |



D.G. PARKER LAW FIRM, PLLC
Attorneys and Counselors at Law

2900 Smith St., Suite 200
Houston, Texas 77006



NORTH HOUSTON
7 MAR 2022 PM 3 L

CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201

75201-428499

CAUSE NO. 202209904

| | | |
|---|---|---|
| CHERRY HAGGERTY | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GENUINE PARTS COMPANY AND, AYANNAH JUAH MONDUBUE | § § | |
| | § | |
| DEFENDANTS. | § | 125th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Cherry Haggerty, hereinafter called Plaintiff, complaining of and about Genuine Parts Company and Ayannah Juah Mondubue, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

1.  Plaintiff, Cherry Haggerty, is an individual resident of Harris County, Texas.

2.  Defendant, Genuine Parts Company is a company doing business in the State of Texas and can be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3.  Defendant, Ayannah Juah Mondubue is an individual who resides in Fulton County, Georgia. Defendant may be served with process at his place of residence at 1165 Sanctuary Pkwy, Alpharetta, GA 30009 or wherever he may be found.

-1-

## III. JURISDICTION AND VENUE

1. The subject matter in controversy is within the jurisdictional limits of this court.

2. This court has jurisdiction over the parties because Plaintiff resides in Texas and the accident occurred in Harris County, Texas.

3. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

1. On May 22, 2021, Defendant Ayannah Juah Mondubue was in Harris County performing business duties for his employer Genuine Parts Company. Defendant Ayannah Juah Mondubue was traveling southbound in the outside lane in the 20300 block of Holzwarth Road and attempted to change lanes into the center lane to make a left turn and crashed into Plaintiff's vehicle as Plaintiff was traveling in the center lane. The impact caused Plaintiff to sustain serious injuries.

## V. RESPONDEAT SUPERIOR

1. At the time of the collision, Defendant Ayannah Juah Mondubue was acting in the scope of his employment with Defendant Genuine Parts Company. Defendant Ayannah Juah Mondubue was engaged in the furtherance of Defendant's business at the time of the collision, which caused Plaintiff serious injuries. Plaintiff invokes the doctrine of respondent superior against Defendant Genuine Parts Company.

## VI. PLAINTIFF'S NEGLIGENCE CLAIM AGAINST DEFENDANTS

1. Defendants had a duty to exercise the degree of care that a reasonable careful person would use to avoid harm to others under circumstances similar to those described herein.

2. Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

3. Defendants' negligent, careless, and reckless conduct consisted of, but is not limited to, the following acts and omissions:

   A. Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. Defendant failed to stop;

   C. Defendant failed to give his full time and attention to operating his vehicle;

   D. Defendant failed to see what was there to be seen;

   E. Defendant drove in a distracted and unsafe manner;

   F. Defendant failed to apply his brakes in a proper and timely manner to avoid colliding with the Plaintiff;

   G. Defendant failed to turn his vehicle, or otherwise take appropriate action to avoid striking the Plaintiff; and

   H. Defendant failed to use ordinary and due care in operating his vehicle.

## VII. NEGLIGENCE PER SE OF DEFENDANT

1. Defendant Ayannah Juah Mondubue's conduct described herein also constitutes

an unexcused breach of duty imposed by Section 544.007 of the Texas Transportation Code. Plaintiff is a member of the class that this Section of the Texas Transportation Code was designed to protect.

2. Defendant Ayannah Juah Mondubue's unexcused breach of the duties imposed by Texas Transportation Code Section 544.007 proximately caused the Plaintiff's injuries described herein.

## VIII. PLAINTIFF'S DAMAGES

1. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered serious injuries and incurred the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services.

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Physical impairment in the past;

- F. Physical impairment which, in all reasonable probability, will be suffered in the future;

- G. Mental anguish in the past;

- H. Mental anguish in the future;

- I. Loss of earning capacity in the past;

- J. Loss of earning capacity, which will, in all probability, be incurred in the future.

-4-

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, for damages in an amount within the jurisdictional limits of the Court; excluding interest, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

Respectfully submitted,

**D.G. PARKER LAW FIRM, PLLC**

/s/ Derrick G. Parker
Derrick G. Parker
2900 Smith St., Suite 200
Texas State Bar No. 24044928
Houston, Texas 77006
(713) 800-9433 Telephone
(713) 821-9432 Fax
derrick@dgparkerlaw.com

**ATTORNEY FOR PLAINTIFF**

4/1/2022 12:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63182790
By: Brittany Hall
Filed: 4/1/2022 12:08 PM

GPC.14939

CAUSE NO. 2022-09904

| | | |
|---|---|---|
| **CHERRY HAGGERTY,** § | | **IN THE DISTRICT COURT** |
| *Plaintiff*, § | | |
| § | | |
| **V.** § | | **125th JUDICIAL DISTRICT** |
| § | | |
| **GENUINE PARTS COMPANY, AND** § | | |
| **AYANNAH JUAH MONDUBUE,** § | | |
| *Defendants*. § | | **HARRIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **GENUINE PARTS COMPANY**, Defendant named in the above entitled and numbered cause, and files this their Original Answer and Affirmative Defenses, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and Defendant respectfully demands that Plaintiff be required to prove charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

*First Affirmative Defense*

As a first separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendant asserts at the time and on the occasion in question, the claimed injuries and corresponding damages complained of therein were proximately caused, in whole or in part, by the acts, omissions, fault, negligence, negligence per se, responsibility, or other conduct, on the part of Plaintiff, including but not limited to failing to keep proper lookout, failing to operate a motor vehicle as a prudent person, failing to take proper

**DEFENDANT'S ORIGINAL ANSWER**                                                                 Page 1

evasive action, failing to control speed, failing to timely apply the brakes, and other negligent conduct or omissions.

### *Second Affirmative Defense*

As a second separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendant asks the Court and jury to compare the relative percentages of fault of Plaintiff, all other parties to this lawsuit, and any negligent, culpable, and/or strictly liable third-party or parties and/or any other responsible third-party or parties, whether a party to this suit or otherwise, with that of Defendants, if any, pursuant to the doctrine of proportionate responsibility. *See* TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001, *et seq*.  Such other responsible third-parties include those who may be responsible in whole or in part for the injuries and/or damages alleged by Plaintiff and/or for which a responsibility submission would be proper pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §33.001, *et seq*.

### *Third Affirmative Defense*

As a third separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendant asserts that Plaintiff failed, in whole or in part, to mitigate or reasonably avoid his damages, if any, and Defendant is not responsible for damages, if any, resulting from the Plaintiff's failure to act with ordinary prudence to eliminate or reduce the effects of their damages, if any, that resulted from the events in question.

### *Fourth Affirmative Defense*

As a fourth separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendant asserts that some and/or all of the injuries and conditions of which Plaintiff complains are due, in whole or in part, to pre-

existing and degenerative injuries and conditions, wholly unrelated to the incident at issue and for which Defendant is not responsible.

### *Fifth Affirmative Defense*

As a fifth separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendant asserts that any award to Plaintiff should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

### III.
### SECTION 18.091

Defendant invokes Section 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

### IV.
### SECTION 41.0105

Defendant invokes Section 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. Defendant furthers requests the Court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## V.
### R<small>IGHT</small> T<small>O</small> A<small>MEND</small>

Defendant respectfully reserves the right to Amend this Answer to Plaintiff's allegations, amendments, supplement or other allegations after they have had an opportunity to more closely investigate the claims, as is their right and privilege under the T<small>EXAS</small> R<small>ULES OF</small> C<small>IVIL</small> P<small>ROCEDURE</small> and the laws of the State of Texas.

## VI.
### N<small>OTICE</small> T<small>O</small> P<small>LAINTIFF</small>

Defendant hereby gives notice of the intent to utilize items produced in discovery in the trial of this matter and the authenticity of said items is self-proven under Rule 193.7 of the T<small>EXAS</small> R<small>ULES OF</small> C<small>IVIL</small> P<small>ROCEDURE</small>.

## VII.
### J<small>URY</small> D<small>EMAND</small>

In accordance with Rule 216 of the T<small>EXAS</small> R<small>ULES OF</small> C<small>IVIL</small> P<small>ROCEDURE</small>, Defendant has demanded a trial by jury, all fees having previously been paid or are being contemporaneously paid with the filing of this pleading.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **GENUINE PARTS COMPANY,** pray that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

_____
**BRIAN G. CANO**
State Bar No. 24045613
bcano@feesmith.com
**STEPHEN M. MENGIS**
State Bar No. 24094842
smengis@feesmith.com
2777 Allen Parkway, Suite 800
Houston, Texas 77019
713-362-8300
713-362-8302 [Fax]

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 1st day of April, 2022.

_____
**BRIAN G. CANO**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 63182790
Status as of 4/1/2022 12:58 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Derrick G.Parker | | derrick@dgparkerlaw.com | 4/1/2022 12:08:25 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 4/1/2022 12:08:25 PM | SENT |
| Brian Cano | | bcano@feesmith.com | 4/1/2022 12:08:25 PM | SENT |
| Megan Moore | | mmoore@feesmith.com | 4/1/2022 12:08:25 PM | SENT |
| Gia Walker | | gwalker@feesmith.com | 4/1/2022 12:08:25 PM | SENT |

Case 4:22-cv-01130   Document 1-2   Filed on 04/07/22 in TXSD   Page 18 of 20

4/7/2022 12:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63363338
By: C Ougrah
Filed: 4/7/2022 12:51 PM

GPC.14939

CAUSE NO. 2022-09904

| | | |
|---|---|---|
| **CHERRY HAGGERTY,** § | | **IN THE DISTRICT COURT** |
| *Plaintiff*, § | | |
| § | | |
| **V.** § | | **125th JUDICIAL DISTRICT** |
| § | | |
| **GENUINE PARTS COMPANY, AND** § | | |
| **AYANNAH JUAH MONDUBUE,** § | | |
| *Defendants*. § | | **HARRIS COUNTY, TEXAS** |

### NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE, the Defendant, **GENUINE PARTS COMPANY**, filed the Notice of Removal in the United States District Court for the Southern District of Texas – Houston Division, attached hereto as Exhibit A. This Notice is hereby provided in accordance with 28 U.S.C. 1446(d), pursuant to which this action in the 125th District Court shall proceed no further, unless or until the case is remanded from the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**BRIAN G. CANO**
State Bar No. 24045613
**STEPHEN M. MENGIS**
State Bar No. 24094842
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Telephone: 713-362-8300
Facsimile:  713-362-8302
bcano@feesmith.com
smengis@feesmith.com

**ATTORNEYS FOR DEFENDANT**
**GENUINE PARTS COMPANY**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing document was electronically served and that the electronic transmission was reported complete on the 7th day of April, 2022.

_____
**BRIAN G. CANO**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Giavanna Walker on behalf of Brian Cano
Bar No. 24045613
gwalker@feesmith.com
Envelope ID: 63363338
Status as of 4/7/2022 12:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derrick G.Parker | | derrick@dgparkerlaw.com | 4/7/2022 12:51:05 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 4/7/2022 12:51:05 PM | SENT |
| Brian Cano | | bcano@feesmith.com | 4/7/2022 12:51:05 PM | SENT |
| Megan Moore | | mmoore@feesmith.com | 4/7/2022 12:51:05 PM | SENT |
| Gia Walker | | gwalker@feesmith.com | 4/7/2022 12:51:05 PM | SENT |